No. 21881.

CHARLES E. MEREDITH, AS SUPERINTENDENT OF THE COLO-
RADO STATE HOSPITAL *v.* THOMAS E. SMITH
(443 P.2d 975)

Decided July 15, 1968.     Rehearing denied August 26, 1968.

258

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert Hoecker, Assistant, for plaintiff in error.

Forrest C. O'Dell, for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

The plaintiff, Thomas E. Smith, prevailed in the trial court. The defendant, Charles E. Meredith, is here on writ of error challenging both a money judgment and an injunction against him as superintendent of Colorado State Hospital. Our review of the record, the arguments of counsel and the law have convinced us that the trial court erred in several respects. Consequently, we will explain our reasons for reversing the trial court's judgment by setting forth the plaintiff's contentions on which the trial court relied, and explaining wherein the fallacies lie.

To focus on the problem, we will first lay a brief factual background. The plaintiff, at the critical time, was at the top of a civil service "eligible list" for those who had passed the written and oral examinations for the position of "junior buyer." During June 1962, a vacancy existed in the position of junior buyer at Colorado State Hospital, Pueblo, Colorado. The defendant requested the Civil Service Commission to refer an applicant eligible for appointment to fill the vacancy.

The plaintiff was sent a notice which was unfortunately labeled "offer of employment," but which directed the plaintiff to contact the personnel director

at the hospital for "an interview." The plaintiff, after interview by the head of the purchasing department, was told that, because of a "speech impediment," he was not acceptable. The defendant so notified the director of personnel of the Civil Service Commission and requested permission to bypass the plaintiff and proceed to interview the next eligible candidate. The commission acquiesced. The director of the commission testified that he obtained the approval of the commission to bypass the plaintiff so far as this particular job was concerned, because telephone communications with prospective sellers was a prime factor in fulfilling the responsibilities of junior buyer at the hospital. In support of his action, the director relied upon Article VII, Section 4 of the commission's Rules and Regulations, which provides:

"The Director, with the approval of the Commission, may remove names from eligible lists permanently or *temporarily,* or may refuse to refer for certified appointment for causes stated in Article VI, Section 5, * * *." (Emphasis added.)

Article VI, Section 5 a.(3) authorizes the Director to reject an applicant who "Is physically or mentally unfit to perform effectively the duties of the class."

Article VI, Section 5 is a valid rule and it appears that it was fairly applied. In the absence of an abuse of its discretion we cannot interfere with the judgment of the commission. However, at this point, it should be noted that the Civil Service Commission is not a party to the proceedings below or here. The commission would be a necessary party to a challenge of the procedure complained of here, as will be even more apparent as we proceed with a discussion of the points raised by the plaintiff. It should also be noted that the commission subsequently did certify the plaintiff to a similar position with another state agency.

The plaintiff, nevertheless, contends that the defendant, "in his official capacity, was required by law to

appoint plaintiff as junior buyer, and to certify his appointment to the Civil Service Commission," and that "by reason of the defendant['s] * * * unlawful and wrongful refusal * * * plaintiff was prevented from receiving the salary of a junior buyer."

The plaintiff prayed for and the court entered a judgment against the defendant in his *official* capacity for the sum of $3,834.56, and "The defendant is hereby ordered and directed to appoint the plaintiff to the position of Junior Buyer so that he may be certified in the classified Civil Service of the State of Colorado at Grade 16, Step 3."

The plaintiff based his contention on an offer and acceptance of employment. In his reply brief he states:

"This would seem to be the most fundamental and rudimentary of contract law * * *."

■■ Our view is not in accord with that of the plaintiff. It is not possible to apply contract law to the relationship which exists between one on an eligible list as a *prospective* employee and the state as the prospective employer unless such individual can qualify as an *independent contractor*. It is too readily apparent to justify further comment that the position of junior buyer would fall into the classification of an *employee*, rather than an independent contractor. This being so, the rights of the plaintiff must derive from the constitution, the laws, and the rules and regulations relating to the Classified Civil Service.

■■ An examination of Article XII, Section 13 of the Colorado constitution, C.R.S. 1963, Article 5, and the pertinent Rules and Regulations of the Civil Service Commission fail to provide support for the judgment. It will be seen from an examination of pertinent provisions of the constitution and statutes that a prospective employee be both "appointed" and "certified" before he can be placed on the payroll of the state.

■ Under the Civil Service law, the defendant, as the so-called *appointing authority,* could appoint the

plaintiff to the job he sought, but he could not "certify" the appointment of the plaintiff to fill the vacancy as ordered by the trial court. The trial court does not have the power to compel the defendant to do an act which under the law was only within the competence of the commission. Article XII, Section 13, *inter alia,* provides:

"* * * No person in the classified service shall be paid *until a certificate is furnished by the Commission* that the appointment has been made pursuant to law." (Emphasis added.)

Also, see C.R.S. 1963, 26-5-26.

Accordingly, we hold that there was no sound basis for the judgment of the trial court to order the defendant to certify the plaintiff to be a junior buyer or to pay him for services not rendered.

The judgment is reversed.

MR. JUSTICE DAY and MR. JUSTICE GROVES not participating.